**Frank LOPEZ MARTINEZ, Petitioner—Appellant,**

v.

**Guy HALL, Respondent—Appellee.**

No. 11–35070.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 25, 2011.*

Filed Oct. 27, 2011.

C. Renee Manes, Assistant Federal Public Defender, FPDOR–Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Kathleen Cegla, Assistant Attorney General, AGOR–Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: TROTT, GOULD, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Oregon State prisoner Frank Lopez Martinez appeals from the district court's judgment denying his 28 U.S.C. § 2254

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. Appellant. P. 34(a)(2).
** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Lopez Martinez contends that he did not knowingly and intelligently waive his right to counsel at sentencing. Contrary to his contention, the deferential AEDPA standard of review applies to Lopez Martinez's claim. *See Harrington v. Richter*, —— U.S. ——, ——, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011) ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.")

The state court's determination that Lopez Martinez's waiver was knowing and voluntary was not contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *Iowa v. Tovar*, 541 U.S. 77, 92–93, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004). In addition, our independent review of the record indicates that the state court's adjudication was not based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.